Filed 11/1/24  P. v. Rayman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083649 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD296811) |
| TIMOTHY OWEN RAYMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego, Dwayne K. Moring, Judge.  Affirmed.

Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Timothy Rayman entered into a plea agreement in which he pleaded guilty to assault with force likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)) and being a felon in possession of ammunition (§ 30305, subd. (a)(1)).  Rayman also admitted a strike prior (§ 667, subds. (b)-(i)).  The

---

[1]     All statutory references are to the Penal Code.

parties stipulated that Rayman would be sentenced to a five-year, four-month prison sentence. Rayman requested and received a hearing on his request to substitute counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*). His request to change counsel was denied as was his motion to withdraw his guilty plea.

Rayman filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Rayman the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

In his change of plea, Rayman stated: "On or about November 10, 2022, I did commit an assault by means of force likely to produce great bodily injury and I also possessed ammunition after being prohibited from doing so based on a prior conviction. I also admit my strike prior conviction from 12/3/18 for PC245(a)(1)."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues that were considered in evaluating the potential merits of this appeal:

1.      Whether trial counsel's failure to file a motion to withdraw Rayman's guilty plea was ineffective assistance of counsel.

2.      Whether the trial court erred in denying the *Marsden* motion.

2

We have reviewed the record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Rayman on this appeal.

DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.